**WO** §RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Calvin Neuendorf, II, | ) | No. CV 10-752-PHX-RCB (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| John C. Lincoln Medical, | ) | |
| Defendant. | ) | |

On April 5, 2010, Plaintiff John Calvin Neuendorf, II, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff did not pay the $350.00 civil action filing fee or file an Application to Proceed *In Forma Pauperis*. By Order filed April 27, 2010 (Doc. 3), the Court gave Plaintiff 30 days from the filing date of the Order to pay the fee or file a completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

On May 25, 2010, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. 4) and an "Inmate Account Statement" (Doc. 5). Plaintiff's Application to Proceed will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $1.53. The remainder of the fee will be collected monthly in payments of 20% of the previous month's

income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

1 should not, however, advise the litigant how to cure the defects. This type of advice "would
2 undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
3 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
4 required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for
5 failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.    Complaint**

Named as Defendant in the Complaint is John C. Lincoln Medical, Surgery Department/Unknown Surgeon. Plaintiff asserts three counts in the Complaint. In Counts I and II, Plaintiff claims that his rights under the Fifth Amendment were violated. In Count III, Plaintiff claims that this rights under the Eighth Amendment were violated. Plaintiff seeks a jury trial and monetary damages.

**IV.    Failure to State a Claim**

In Count I, Plaintiff claim that his Fifth Amendment rights were violated "around August" of 2002 when he was "flown from [a] bad accident" and "'surve[il]lance technology' (crystal) fiber optics" were "installed in [Plaintiff's] head (brain) during [the] attachment of his left ear during life[-]threatening surgery." Plaintiff alleges that "[s]urgeon and staff nurses etc." must have "put [the] device in [Plaintiff's] head." Plaintiff further alleges that now "[p]eople seem to be able to know everything [Plaintiff is] thinking [and] then torment [him] about whatever [he is] thinking with voices of people [he] know[s]."

In Count II, Plaintiff claims that his Fifth Amendment rights have been violated because he has "been assaulted and in life[-]threatening situations" while he has been incarcerated at the Arizona Department of Corrections (ADOC) for six years. Plaintiff alleges that there have been "continuous incidents[,] with the named hospital," John C. Lincoln, "to blame." Plaintiff further alleges that the "Jail appears to be involved" but he is "not sure due to [his] inability to understand who is controlling the program for [the] device." Plaintiff also alleges that be believes that "some signals from short wave frequencies make this 'bug' operate."

In Count III, Plaintiff claims that his Eighth Amendment rights have been violated

because the "named Defendant 'John C. Lincoln' Hospital Medical Center" has failed "to exercise fair and impartial treatment" as shown by the "instal[l]ation of [the] device for surve[il]lance and [their] torturous methods to induce insanity."

Title 28 U.S.C. § 1915A(b)(1) mandates that the Court dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Moreover, "an action may be dismissed . . . where the defense is complete and obvious from the face of the pleadings." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). In the absence of waiver, the Court may raise the defense of statute of limitations *sua sponte*. Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993). Here, it appears from the face of Plaintiff's Complaint that his claims in all of his counts are barred by the applicable statute of limitations.

In 42 U.S.C. § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. See Ariz. Rev. Stat. § 12-542(1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478.

Plaintiff's claims in Counts I, II, and III of the Complaint arose from actions that took place surrounding his surgery at John C. Lincoln Hospital "around August" of 2002. However, Plaintiff did not file this action until April 5, 2010, well over seven years after the claims in Counts I, II, and III arose. Accordingly, all of the claims in Counts I, II, and III are barred by the statute of limitations and will be dismissed for failure to state a claim upon which relief may be granted.

In so doing, the Court notes that even if the statute of limitations did not bar this action, Plaintiff has still failed to state a cognizable claim pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiff must show that: (1) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived the Plaintiff of a constitutional right. Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th

Cir. 1988). Thus, "[a] claim may be brought under § 1983 only if the defendant acted 'under color' of state law." Rendell-Baker v. Kohn, 457 U.S. 830, 835 (1982). "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Absent a special relationship, a state has no constitutional duty to protect the life, liberty, or property of a citizen from deprivations by private actors. DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189 (1989); Balisteri, 901 F.2d at 699-700. Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

Here, Defendant John C. Lincoln Medical is a private party that is not acting under color of state law for purposes of a claim brought under § 1983.

**V.     Dismissal of Complaint Without Leave to Amend**

Because no claims now remain, the Compliant will be dismissed for failure to state a claim upon which relief may be granted. Also, because it is clear from the face of the Complaint that the deficiencies in the Complaint cannot be cured by amendment, the Court will order that the action be dismissed without leave to amend and judgment entered accordingly. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 4) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is **assessed** an initial partial filing fee of $1.53.

(3)     The Complaint (Doc. 1) and this action are **dismissed** for failure to state a claim upon which relief may be granted, and the Clerk of Court **must enter judgment** accordingly.

(4)     The Clerk of Court **must make an entry** on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

1       (5)    The docket **shall reflect** that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 2nd day of August, 2010.

_____
Robert C. Broomfield
Senior United States District Judge